Potter *v.* Webb.

POTTER *Judge &c. vs.* WEBB & ALS.

The plea of payment of a judgment rendered for the penalty of an administrator's bond, should show that the money was paid by virtue of some judgment, or decree, or was otherwise necessarily paid ; or it is bad.

THIS was a second *scire facias,* to have further execution of a judgment of this court, rendered at *May* term 1814, for ten thousand dollars, being the penalty of a bond given by *Susanna* and *Joshua Webb,* as administrators of the estate of *Jonathan Webb,* the other defendants, *Lewis* and *Gordon,* being their sureties. See 2. *Greenl.* 257.

The defendants pleaded, first, that they had " fully paid and satisfied the amount of the said judgment." Secondly, that they had " lawfully paid upon said bond, and on account of their liability by virtue of the same, the sum of $10,177, 75 to the heirs and creditors of said estate, and for necessary charges of administering the same." A third plea was made by *Lewis* and *Gordon,* in discharge of their

liability as sureties in the bond, that they had "paid the full amount of the penalty of the same, to the heirs and creditors of said estate, and for the necessary charges of administering the same." And a fourth plea by the sureties stated that they had "paid to the heirs and creditors of said estate, and for the necessary charges of administering the same, the full amount of the judgment aforesaid, *viz.* ten thousand dollars, and the costs of said suit."

To these pleas the plaintiff demurred specially, assigning various causes not necessary to be enumerated.

*N. Emery* and *Adams*, in support of the demurrers. The first plea is bad, because it does not show when, nor where, nor to whom, the payment of the judgment was made. Nor does it appear, from the other pleas, to whom or for whose benefit the monies were paid. And this is essential; for if it does not appear that payment was made to one entitled to receive it, it is no payment. 5. *Dane's Abr.* 265. Nor do they show any payment of interest on the bond or judgment; which should have been done, interest being payable. *Harris v. Clap & al.* 1. *Mass.* 308. *Pitts v. Tilden* 2. *Mass.* 118. *Warner v. Thurlo* 15. *Mass.* 154. *Show. Parl. Ca.* 15. *Bond v. Hopkins* 1. *Sch. & Lefr.* 434. *Glover v. Heath* 3. *Mass.* 252. 1. *Pick.* 530. *Potter v. Webb* 2. *Greenl.* 257. The third and fourth pleas are also bad, because not pleaded by all the defendants; for all are equally bound. *Bigelow v. Bridge* 8. *Mass* 275. They do not answer the whole declaration. *Seavy v. Blacklin* 11. *Mass.* 543. Defendants cannot sever in pleading except in tort. *Jackson v. Stetson & al.* 15. *Mass.* 54. 6. *Mass.* 444. 5. *Mass.* 196.

*Longfellow* and *Greenleaf*, for the defendants, replied that the circumstances of time and place were unmeaning formalities in the plea of payment. If the judgment has been paid, the payment must necessarily have been made since its rendition, and before the time of pleading. And this is sufficient; involving also, as it does, the authority of the person to whom payment was made.

They further insisted that no interest was chargeable on the penalty of a bond conditioned, as this was, not for the payment of money, but for the faithful discharge of an office. And if it was, yet in a

*scire facias* nothing is recoverable but the sum specified in the judgment. *Knox v. Costellow* 3. *Burr.* 1783.

THE COURT, during this argument, suggested a doubt whether as the Judge of Probate is but a trustee of the bond, for the use of all parties interested, it was competent for the defendants, after judgment against them for the penalty, to pay out the amount to creditors, at their pleasure, and show this in bar of a *scire facias*. And afterwards the pleas were adjudged bad, because they did not show that the monies, alleged to have been paid in satisfaction of the judgment, were paid in pursuance of decrees of the Judge of Probate, or of judgments at common law ; or were payments otherwise compulsory upon the defendants.